UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC DRAKE | CIVIL ACTION NO. 6:16-CV-1228 |
| VS. | UNASSIGNED DISTRICT JUDGE |
| MERCEDES BENZ USA, ET AL | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before this Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6), filed by Defendant Mercedes- Benz USA ( "MBUSA")[1]. [Rec. Doc. 42] Defendants argue that this Court lacks personal jurisdiction over them and that, as the purported events made subject of this ligation occurred exclusively at the Autohaus facility in Plano, Texas, there is no factual connection tying this case to the Western District of Louisiana and that venue is improper. Further, the defendants argue that there is no claim upon which relief can be granted against them in that (i) the identical claims were previously dismissed, with prejudice, under Federal Rules of Civil Procedure 41(b) by the United States District Court for the District of Hawaii, which final judgment is res judicata of the claims asserted here; (ii) this suit represents repetitive frivolous litigation by an *in forma pauperis* litigant and should be dismissed as "frivolous" or "malicious" under

---

[1] Defendant Autohaus LLC ("Autohaus") joined in the motion for all purposes to the extent that it seeks dismissal under Federal Rules of Civil Procedure 12(b)(6) and (2). [Rec. Doc. 44].

28 U.S.C. § 1915(e)(2); (iii) Texas state law claims asserted against the defendants (negligence, gross negligence, negligent misrepresentation, and violations of Texas Deceptive Trade Practices Act) are subject to a two year statute of limitations and are thus time-barred on the face of the complaint; (iv) the "fraud" claim asserted fails to allege elements necessary to state a claim for relief; and (v) the federal "antitrust" claim is asserted under a federal statute, the Federal Trade Commission Act, that provides no private right of action.

The defendants now moves this Court for entry of an order dismissing the complaint, with prejudice, for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). No opposition to the motion has been filed.[2] For the reasons stated below, this Court finds that it lacks personal jurisdiction over MBUSA and Autohaus. It is, therefore, recommended that all claims against MBUSA and Autohaus be **DISMISSED WITHOUT PREJUDICE.**

---

[2] Pursuant to Local Rule 7.5, the deadline to file Plaintiff's opposition to the Motion was November 13, 2017. As of the date of this Report and Recommendation, Plaintiff has filed no opposition to the Motion to Dismiss.

## I. Factual Background

The facts, as set forth by the defendant in the instant Motion to Dismiss are as follows: In this action, Plaintiff Eric Drake asserts an array of allegations against defendants MBUSA and Autohaus purportedly arising out of his May 27, 2014, purchase from Autohaus of a "spoiler" kit for his 2003 Mercedes-Benz model AMG C32. As to defendant MBUSA, Drake claims "the spoiler was defective because the product label had a pass [sic] due expiration date," that "MBUSA sold the spoiler to the Plaintiff through [Autohaus]" and that the goods were defective when sold to the Plaintiff.[3] The complaint further alleges defendant Autohaus, through the actions of its parts manager, violated Drake's civil rights.

MBUSA asserts that the evidence submitted by defendant Autohaus in support of its motion to dismiss shows the events made subject of this litigation occurred exclusively at the Autohaus facility in Plano, Texas.[4]

---

[3] Rec. Doc. 1 at ¶ 12.

[4] Rec. Doc. 14-3, Declaration of Finley Ewing, III ("Mr. Drake purchased a spoiler from and demanded a refund in our location in Plano, Texas.").

## II. Law and Argument

A. **This Court lacks personal jurisdiction over MBUSA and Autohaus and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *721 Bourbon, Inc. v. House of Auth*, LLC, 140 F. Supp. 3d 586, 591 (E.D. La. 2015) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists." *Id.* A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Id.* at 591-92 (*citing Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *721 Bourbon*, 140 F.3d at 592 (*citing Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir.1999)). Due process demands that a court may only exercise jurisdiction over a nonresident

defendant if the defendant has "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 326 U.S. 310, 316.(2014) (*quoting International Shoe Co. v. Washington*, (1945)). This standard may be met in two ways. First, a court may have specific jurisdiction, or case-linked jurisdiction, which arises based on the "relationship among the defendant, the forum, and the litigation." *Walder*, 134 S.Ct. At 1121. Second, a court may have general jurisdiction over a defendant if the defendant's affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014). *See also, Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014).

### (1) The Court lacks specific jurisdiction over MBUSA and Autohaus.

"For a State to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum State." *Id.* "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 1125 (*quoting Calder v. Jones*, 465 U.S. 783 (1984)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* To satisfy Due Process, "[t]he relationship must arise out of contacts that the

5

'defendant himself' creates with the forum State." Id. at 1122 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

The Fifth Circuit applies a three-step analysis for the specific jurisdiction inquiry, asking: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)(*citing Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

Even if MBUSA and Autohaus possess sufficient minimum contacts to Louisiana, the Plaintiff's allegations make clear the independently determined second prong of the specific jurisdiction test—that the Plaintiff's action arises from MBUSA's and Autohaus's forum-related contacts—cannot be met. *See e.g. In re Chinese-Manufactured Drywall Prods, Liab. Litig.*, 753 F.3d 521, 543 (5th Cir. 2014)(finding the second prong to be an independent inquiry after applying the "stream of commerce" test under the first prong). The complaint makes clear that the Plaintiff, a Texas resident, purchased the subject parts kit from Autohaus in Texas,

and that absolutely no pertinent activities occurred in Louisiana. Indeed, the complaint makes only general jurisdiction allegations, claiming the MBUSA "provides new Mercedes Benz automobiles to authorized dealerships in Lafayette, Louisiana" and that Autohaus LLC "is an automobile dealership that sells new and used Mercedes Benz vehicles, as well as other makes of used cars," and that both were "actively doing business in Lafayette Parish." [Rec. Doc. 1 at ¶¶ 5, 6, at 10.] None of these statements are either relevant to the specific jurisdiction analysis, or in any way at odds with similar cases evaluating specific jurisdiction.

In *Gaillet v. Ford Motor Company*, the Mississippi minor plaintiff was injured when he lost control of his Ford Explorer, allegedly due to a defective design of the vehicle. Defendant Ford's contacts with Mississippi mirrored MBUSA's contacts with Louisiana: Ford neither manufactured nor serviced Ford vehicles in Mississippi, nor did it maintain an office or have employees or representatives in the state. Ford conceded that it advertised in Mississippi, and that a substantial number of Ford vehicles were sold in the state through a network of independent dealerships, and that Ford provided service and technical information to the dealerships, and warranted the vehicles sold in the forum. The district court found that despite these "sufficient minimum contacts," specific jurisdiction was lacking:

> Plaintiffs have not satisfied the second prong, however, for they have

failed to establish that their claims arise out of or result from those contacts. First, the vehicle involved in the accident is not among those that Defendant sold to independent dealerships in Mississippi. It was distribute to an independent dealership in Georgia, which sold it to a Georgia resident, who in turn sold it to another Georgia resident. The vehicle only entered Mississippi when Plaintiffs transported it there unilaterally. Second, Plaintiffs have not demonstrated that their claims arise out of or are related to Defendant's advertisements. Finally, Plaintiffs do not allege that their Explorer was supposed to be serviced or was insufficiently serviced under the services Defendant provides in Mississippi. The Court accordingly concludes that Plaintiffs have failed to carry their burden under the second prong of the Fifth Circuit's test.[5]

The complaint alleges that the parts kit distributed by MBUSA to Autohaus and sold by Autohaus to the Plaintiff was defective in that the double-sided tape contained in the parts kit "only last[ed] for a certain period of time to properly adhere to the deck-lid (or trunk) of the car without its failing," and that "MBUSA sold the spoiler [kit] to the Plaintiff through AH" after the double-sided tape had expired. [Rec. Doc. 1, Plaintiff's Original Complaint, at ¶ 12.] There is no allegation, nor can there be, that any of MBUSA's or Autohaus's Louisiana contacts were connected in a meaningful way with the manufacture, distribution, or sale of the double-sided tape or the parts kit purchased by the Plaintiff. The claim simply does not arise out of MBUSA's or Autohaus's forum contacts. Consequently, Plaintiff cannot establish

---

[5] No. 16-13789, 2017 WL 1684639, at * 1, 4 (E.D. Mich. May 3, 2017). *See also Sullivan v. Ford Motor Company*, No. 16-3505, 2016 WL 6520174, *3 (N.D. Cal. Nov. 3,2016)("Because Sullivan cannot show that but for Ford's California contacts he would not have been injured by the Ford truck and attached lift gate, the Court declines to exercise specific jurisdiction over Ford."); *Pitts v. Ford Motor Company*, 127 F.Supp. 3d 676, 686 (S.D. Miss. 2015)

specific jurisdiction over MBUSA or Autohaus.

**(2) The Court lacks general jurisdiction over MBUSA and Autohaus.**

The Supreme Court recently considered the requirements to establish general jurisdiction in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). There, the Court observed that the proper consideration when determining general jurisdiction is whether the defendant's "'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" The Court held that for a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760.

In determining whether a corporation's affiliations with a state are sufficient to impose general jurisdiction, the inquiry does not turn solely on "the magnitude of the defendant's instate contacts." *Id.* at 762, n. 20. Rather, a court must appraise the "corporation's activities in their entirety, nationwide and worldwide." *Id.* Following *Daimler*, the Fifth Circuit has observed that "[i]t is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

As the MBUSA points out, the *Daimler* decision was recently analyzed by this Court in *Mercury Rents, Inc. v. Crenshaw Enterprises, LLC*, No. 6:16-1741, 2017 WL

2380642 (W.D. La. April 4, 2017), in which the undersigned stated that "the factual scenario presented in that case guides the analysis of the instant case." *Id.* at *5. Indeed, the *Daimler* plaintiffs sought to assert general jurisdiction over defendant Daimler, a German Corporation, "based on alleged 'substantial, continuous, and systematic' contacts in California of one of Daimler's subsidiaries," specifically MBUSA. *Id.* (*citing Daimler*, 134 S.Ct. at 750, 751.) The MBUSA contacts in California included multiple California-based facilities including a regional office, a Vehicle Preparation Center, and a Classic Center. *Daimler*, 134 S. Ct. at 752. MBUSA was shown to be the top-selling luxury passenger vehicle brand in the California market, and ten (10%) percent of MBUSA's United States' sales were made in the state. The Supreme Court found that these contacts with California, even if deemed to be "systematic" and "continuous" did not make Daimler (or MBUSA) "at home" in California such that general jurisdiction attached:

> Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Burger King Corp., 471 U.S., at 472, 105 S.Ct. 2174 (internal quotation marks omitted).

> It was therefore error for the Ninth Circuit to conclude that Daimler, even with MBUSA's contacts attributed to it, was at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California.

*Id.* at 752.

MBUSA was not a party to *Daimler* and therefore no specific ruling was made as to it. Nevertheless, Daimler determines the outcome here because MBUSA's California contacts — which the court attributed to Daimler and then deemed insufficient to support personal jurisdiction — are substantially greater than its contacts to Louisiana. MBUSA is incorporated in Delaware and its principal business office is located in Atlanta, Georgia.[6] MBUSA distributes Mercedes-Benz passenger vehicles in the United States through a network of independent, authorized Mercedes-Benz dealerships.[7] MBUSA does not manufacture Mercedes-Benz parts or passenger vehicles or assemble motor vehicles in Louisiana, and does not maintain a regional business office in the state.[8] MBUSA's Louisiana dealerships are independent and passenger vehicle sales by dealers in the State of Louisiana account

---

[6] See Rec, Doc. 45-2.

[7] See Rec. Doc. 42-2, Declaration of Tracy Hale Barnard at ¶ 4.

[8] Id. at ¶¶ 5-7.

for 0.9% of Mercedes-Benz passenger vehicle sales in the United States.[9] MBUSA provides service and technical information to the independent Louisiana dealerships by periodically issuing technical and dealer bulletins. MBUSA issues a limited warranty covering new Mercedes-Benz passenger vehicles sold by the independent dealers in the State of Louisiana, but does not directly make warranty repairs to the vehicles it warrants.[10] Collectively, these Louisiana contacts are substantially less than the California contacts the Supreme Court found to be insufficient for general jurisdiction to attach. The Court agrees with the MBUSA's argument that there is no reason for any other result here.

With regard to Autohaus, Autohaus, LLC is a Texas limited liability company which operates one car dealership in Plano, Texas.[11] Autohaus conducts business only in Texas and never in Louisiana.[12] Although, Autohaus may sell cars to Louisiana citizens, those transactions occur solely in Texas.[13] Autohaus does not solicit business in or direct business to Louisiana.[14] Thus, Autohaus's affiliations

---

[9] Id. at ¶¶ 4, 8

[10] Id. at ¶ 9.

[11] See Rec. Doc. 14-2 and 14-3.

[12] Id.

[13] Id.

[14] Id.

with Louisiana are not so continuous and systematic as to render it essentially at home here.

For these reasons, the Court finds that it lacks personal jurisdiction over MBUSA and Autohaus and that Plaintiff's claims against MBUSA and Authohaus must be dismissed without prejudice. Because the Court finds that personal jurisdiction over the defendants is lacking in this district, it does not reach the other bases for dismissal asserted in the motion.[15]

Therefore, **IT IS RECOMMENDED** that Defendant Mercedes Benz USA's Motion to Dismiss [Rec. Doc. 42] joined in by Authohaus [Rec. Doc. 44] be **GRANTED** and that plaintiff's claims against Mercedes Benz USA and Autohaus LLC be DISMISSED WITHOUT PREJUDICE .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of

---

[15] Personal jurisdiction claims are "threshold grounds for denying audience to a case on the merits," and require that the courts reach the threshold claims before reaching claims on the merits. *Pervasive Software Inc. V. Lexware GMBH& Company KG*, 688 F.3d 214 (5th Cir. 2012) quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 584 (1999).

filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, January 4, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE